NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MONTEREY RESEARCH, LLC,**

*Appellant*

**v.**

**KATHERINE K. VIDAL, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**

*Intervenor*

---

2022-1430, 2022-1773

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2020-00989, IPR2020-01493.

---

Decided:  October 13, 2023

---

DONALD LEE JACKSON, Davidson Berquist Jackson & Gowdey, LLP, McLean, VA, argued for appellant.

BENJAMIN T. HICKMAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for intervenor.  Also represented by PETER J. AYERS,

THOMAS W. KRAUSE, FARHEENA YASMEEN RASHEED, PETER JOHN SAWERT.

————————————

Before DYK, TARANTO, and CHEN, *Circuit Judges.*

DYK, *Circuit Judge.*

Monterey Research, LLC ("Monterey") appeals the Patent Trial and Appeal Board's ("the Board") final written decisions in IPR2020-00989 (the "'989 IPR") and IPR2020-01493 (the "'1493 IPR"). In the '989 IPR, the Board found claims 1–3, 6–10, 13–17, and 20 of U.S. Patent No. 6,765,407 (the "'407 patent") unpatentable as obvious in view of U.S. Patent No. 6,728,871 ("Vorbach"). In the '1493 IPR, the Board found claims 1, 3, 8, 10, 15, and 17 of the '407 patent unpatentable as anticipated by the PIC16C7X Datasheet ("PIC16") and claims 2, 9, and 16 unpatentable as obvious in view of PIC16 and AN594 Application Note ("AN594"). We *affirm.*

BACKGROUND

The '407 patent, entitled "Digital Configurable Macro Architecture," concerns a programmable digital device, which utilizes a programmable digital circuit block. The programmable digital circuit block can be "programmed to perform any one of a variety of predetermined digital functions by changing the contents of a few registers therein." '407 patent, J.A. 59, col. 2, ll. 5-7. "[T]he circuit components of the programmable digital circuit block are designed for reuse in several of the predetermined digital functions such that to minimize the size of the programmable digital circuit block." '407 Patent, J.A. 59, col. 2, ll. 9-13.

Advanced Micro Devices, Inc. ("AMD") filed a petition for *inter partes* review, challenging claims 1–3, 6–10, 13–17, and 20 of the '407 patent. AMD argued the claims were unpatentable as obvious over Vorbach. The Board

instituted review on the challenged claims in the '989 IPR. The Board found that 1–3, 6–10, 13–17, and 20 were unpatentable as obvious over Vorbach. Monterey appeals this decision (Appeal No. 22-1430).

Qualcomm Inc. ("Qualcomm") filed a petition for *inter partes* review, challenging claims 1–3, 7–10, and 14–17 of the '407 patent. Qualcomm argued claims 1, 3, 7, 8, 10, 14, 15, and 17 were anticipated by PIC16. The Board instituted review of the challenged claims in the '1493 IPR. The Board determined that claims 1, 3, 8, 10, 15, and 17 were anticipated by PIC16 and claims 2, 9, and 16 were obvious in view of PIC16 and AN594. Monterey appeals the Board's determinations (Appeal No. 22-1773).

The two appeals were consolidated. AMD and Qualcomm decided not to participate in these appeals. The PTO intervened to defend the Board's decisions.

## DISCUSSION

"In reviewing the Board's determination on the question of obviousness, we review the Board's legal conclusions de novo and its factual findings for substantial evidence." *Becton, Dickinson & Co. v. Baxter Corp. Englewood*, 998 F.3d 1337, 1339 (Fed. Cir. 2021) (internal quotation marks, citation, and alterations omitted). "What a reference teaches and the differences between the claimed invention and the prior art are questions of fact which we review for substantial evidence." *In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268, 1280 (Fed. Cir. 2015).

In the '989 IPR (Appeal No. 22-1430), we see no legal error in the Board's obviousness determination based on Vorbach and conclude that it was supported by substantial evidence. Because we affirm the Board's obviousness determination based on Vorbach, we need not reach the anticipation and obviousness determinations based on PIC16 in the '1493 IPR (Appeal No. 22-1773).

## AFFIRMED